**Lisa BLACK, Plaintiff—Appellant,**

v.

**Jim BREWER; et al., Defendants—Appellees.**

**No. 07–15519.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 2008.

Filed Dec. 2, 2008.

David G. Banes, Esquire, Michael W. Dotts, Esquire, O'Connor Berman Dotts & Banes, Saipan, MP, for Plaintiff–Appellant.

Gregory Baka, Acting Attorney General, Office of the Attorney General, Heather Kennedy, Esquire, Karen M. Klaver, Esquire, CNMI Public School System, Saipan, MP, for Defendants–Appellees.

Before: SCHROEDER, PAEZ and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Lisa Black appeals the district court's grant of summary judgment on her 42 U.S.C. § 1983 free speech and wrongful discharge claims made against her former employer, the Commonwealth of the Northern Mariana Islands Public School System ("PSS"), and Hopwood Principal Jimmie Brewer. She also challenges the district court's evidentiary rulings during the trial of her other claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The district court properly granted summary judgment on Black's § 1983 claim because her pleadings were insufficient. We review de novo a district court's determinations regarding pleadings. *See Cook, Perkiss & Liehe v. Northern Cal. Collection Serv.,* 911 F.2d 242, 244 (9th Cir.1990). To prevail on a § 1983 free speech claim, Black must show that (1) she engaged in constitutionally-protected speech, (2) school administrators took adverse employment action against her, and (3) Black's constitutionally-protected speech was a "substantial or motivating factor" for the adverse employment action.

*Board of County Comm'rs, Wabaunsee County, Kan. v. Umbehr,* 518 U.S. 668, 675, 116 S.Ct. 2342, 135 L.Ed.2d 843 (1996). In our prior decisions, we noted "a free speech claim depends on speech." *Wasson v. Sonoma County Junior Coll.,* 203 F.3d 659, 662 (9th Cir.2000) (citing *Fogarty v. Boles,* 121 F.3d 886, 890 (3d Cir.1997)). Moreover, § 1983 plaintiffs have the burden to show that they engaged in constitutionally-protected conduct. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (citing *Vill. of Arlington Heights v. Metro. Housing Dev. Corp.,* 429 U.S. 252, 270–71, n. 21, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977)).

■ Black's claim in Count One that Brewer "refus[ed] to renew her employment contract in retaliation for actual and/or perceived exercises of her right to free speech" is insufficient to meet this burden, because Black did not engage in "speech." Brewer's "erroneous belief" that Black wrote the letter of concern is not speech. *Wasson,* 203 F.3d at 663 ("there can be no First Amendment claim when an employee is falsely accused of making statements uttered by someone else"). The allegations further do not indicate any violation of Black's right of association. Accordingly, her pleadings are insufficient to support a claim under the first prong of the § 1983 test.

■ The district court also properly granted summary judgment on Black's wrongful discharge claim. Black entered into a one year contract for employment. This contract was not renewed. Black cannot cite any controlling statutory or common law precedent evidencing that the CNMI has "a strong public policy" that

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

makes non-renewal of her fixed contract tantamount to a termination. Accordingly, the facts simply do not support her wrongful termination claim, and the district court was correct to grant summary judgment.

Further, we find no reversible error in the trial court's evidentiary rulings made in the course of Black's trial on her other claims. The court properly (1) excluded testimony to be given by Dr. Dragan and Nariany Sikyang under Federal Rule of Civil Procedure 403, (2) allowed PSS to cross examine Black under the same standard, and (3) allowed testimony regarding allegations of assault made against Black. Each of these rulings is supported by the record, and Black presents no justification for concluding that the court abused its discretion when weighing the evidence under Rule 403.

■ It appears that the trial court should have allowed Roland Brown to testify that he heard information regarding an outstanding arrest warrant issued for Black, because the statement was not being offered for its truth, but simply to show it was made. Any error was not prejudicial, because Black cannot show that the absence of the testimony, more probably than not, tainted the jury's verdict.

Finally, we need not consider whether the trial court erred when it barred expert testimony regarding "front wage" computation. Even if this decision was in error, it could not possibly have prejudiced Black because front wage computation speaks to damages, which requires a finding that the PSS and Brewer were liable on Black's tort actions. The jury found in Brewer's and the PSS's favor regarding liability,

thus the front wage evidence would not have made any impact on the final result.